UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:18CV-P49-JHM

**LEROY R. JEFFERS**                                                                                       **PETITIONER**

**v.**

**HENDERSON CTY. DETENTION CENTER**                                       **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Leroy R. Jeffers, an inmate at the Henderson County Detention Center, initiated this *pro se* action by filing a handwritten document, which he titled as a "2254 Writ of Habeas Corpus." The action was therefore opened as a habeas corpus action. However, upon review of the petition (DN 1), this Court was not certain whether Petitioner intended to file a 28 U.S.C. § 2254 petition for writ of habeas corpus to challenge his conviction or sentence, a 42 U.S.C. § 1983 civil rights complaint to assert claims concerning the conditions of his confinement, or both. Therefore, by Order entered May 4, 2018, the Court ordered Plaintiff to re-file his action on the appropriate form(s) and to tender the appropriate filing fee(s) or file an application to proceed without the prepayment of fees along with a certified copy of his prison trust account statement within 30 days (DN 3). The Order warned Plaintiff that failure to comply within the time allotted may result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that

require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: June 20, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:  Petitioner, *pro se*
     Respondent
4414.010